FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
<u>JACKSONVILLE</u> DIVISION

2006 MAY 19 P 1: 51

. . . . . . . COURT
. . . . . . .

TAMMY HILL- MCFADDEN.

     Plaintiff,

CASE NO. 3:06-CV-466-J-32 HTS

v.

BANK OF AMERICA CORPORATION,
a foreign corporation.

     Defendant.

_____/

### <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

The Plaintiff, TAMMY HILL-MCFADDEN (hereinafter Plaintiff) sues Defendant,

BANK OF AMERICA CORPORATION, a foreign corporation, (hereinafter Defendant), and states:

1. This is an action for damages which exceeds the amount of fifteen thousand dollars (15,000.00),

   exclusive of interest, cost and attorney's fees.

2. Plaintiff resides in Jacksonville, Duval County, Florida, and has at all times material herein,

   resided in Jacksonville, Duval County, Florida.

3. Defendant, BANK OF AMERICA, CORPORATION is a foreign corporation doing business in

   in Jacksonville, Duval County, Florida and at the time of the acts complained of herein, and

   continues to have its' principle place of business in Jacksonville, Duval County, Florida.

### <u>GENERAL ALLEGATIONS</u>

4. Plaintiff was hired by Defended on or about May 26, 1998.

5. During Plaintiff's tenure with Defendant, Plaintiff received outstanding performance reviews,

   numerous leadership awards for her dedication and teamwork.

6. On or about May 31, 2005, Plaintiff was told that her current position as a Compliance Officer

would be eliminated.

7.      On or about June 30, 2005, Plaintiff's position of employment with Defendant was terminated.

8.      Plaintiff was later told the reason for her termination was due to business unit downsizing.

9.      On or around December 2004, Plaintiff was told by her manager, Kimberley Kipp that she would be promoted from a Compliance Officer Band 6 to a Senior Compliance Officer Band 5 effective immediately.

10.     On or around January 2005, Plaintiff began expressing to her management team several concerns she had with the account activities of Premier Non- Resident Alien (NRA) clients and the bank systemic deficiencies within the client information submitted into the Know Your Customer Automation Tool (KYC).

11.     Plaintiff expressed these concerns both verbally and in writing to management outlining the department's violations.

12.     Management refused to acknowledge, and or discuss any of the violations with the Plaintiff.

13.     On or around April 2005, when temporary employees were brought in to review and approve KYC, NRA/Domestic clients' personal identification records.  Plaintiff immediately notified management of her objections in this process, and that she believed Bank of America was in serious violation of the Bank Secrecy Act (12 CFR 21.21), USA Patriot Act Section 326(a), H.R 3004 U.S.C. § 5318 and appropriate compliance procedures.

14.     Specifically, over a period of approximately five months, the Plaintiff objected to management the following practices:

        A.    Failure to have a sound monitoring system in place to detect unusual and/or suspicious patterns of account activities;

        B.    Failure to effectively control and reduce risk by understanding normal and reasonable account activities of Non- Resident Alien (NRA) clients

        C.    Inadequate management information system needed to provide managers and Compliance Officers with timely information needed to identify, analyze and effectively monitor higher risk customer accounts.  ( i.e. reports of missing documents,

2

transactions made through a customer account that are usual, and aggregations of a clients total relationship with Bank of America.

   D.   Failure to maintain a program that ensures and monitors Compliance with the law and its implementing regulations, including record keeping and reporting requirements to protect the Defendant against criminal, civil penalties, asset forfeitures. (i.e. over 40,000 Know Your Customer (KYC) client identification records remained in a "pending review" status for over a 10 month period without warrant appropriate due diligence to ensure Bank of America complied with the USA PATRIOT ACT Section 326(a), H.R 3004 U.S.C. § 5318).

   E.   Failure to ensure appropriate internal controls were in place, applying sound Know Your Customer (KYC) procedures and sustaining ethical and professional standards.

   F.   Storing thousands of copies of clients passport, ID information in a unsecured location, bank associate sharing user/password log in access ID information with employment agency employees.

   G.   Inappropriate handling of confidential correspondences (i.e. thousands of copies of clients personal identification documents, (i.e. passports, driver's licenses, visas, personal and business documents including clients date of birth, social security, TIN numbers, clients' signatures remains unaccounted.

   H.   Premier Governance Executives granted the approval of a large number of Non-Resident Alien (KYC) client records without warrant appropriate due diligence in order for Bank of America to meet internal audit deadlines timely.

15.   Management refused to acknowledge, and or discuss any of the violations with the Plaintiff

16.   On or around June 1, 2005, the Plaintiff subsequently learned that one of her peers, was promoted to a High Risk Senior Compliance Officer position.

17.   Plaintiff was more qualified than the individual selected for the promotion, has worked longer, and has more years of risk management experience with the Defendant. Moreover, the individual selected for the promotion has no bilingual experience,

which was a   job requirement for the High Risk Senior Compliance position.

18.    The individual selected for the promotion was not an African American.

19.    Plaintiff was one of two Compliance Officers that were African American women selected
       for job displacement.

20.    Plaintiff believes that she has been the target by management in retaliation for disclosing
       conduct she perceived as violation of the law.

21.    On or around June 9, 2005 Plaintiff provided Bank of America Personnel Executives, Premier
       Governance Executives, CEO Ken Lewis with a chronological list disclosing what she
       perceived as violation of the Bank Secrecy Act (12 CFR 21.21) and the USA Patriot Act,
       Section 326 (a) H.R. 3004 U.S.C§ 5318  Plaintiff filed an appeal with the Defendant for
       immediate job  reinstatement.

22.    Premier Governance Executives repeatedly and willfully violated the Bank Secrecy Act,
       USA Patriot Act and its implementing regulations.

23.    Plaintiff rights against retaliation for disclosing concerns have been violated in accord with
       Florida Statutes § 448.102

24.    On or before August 24, 2005, Plaintiff applied for a Compliance Officer Band 6 position
        posted on Defendant internal website for displaced associates.

25.    The position required the "exact" same job qualifications the Plaintiff held as Compliance
       Officer Band 6 previously with the Defendant.

26.    On or before September 2, 2005, Plaintiff was interviewed briefly by Mark Adams, Premier
       Business Support Manager for the Compliance Officer position.
       Plaintiff was told by Mark Adams that he would not go through an "interview process" with
       Plaintiff because he was fully aware of her capabilities to excel in the Compliance Officer role.
       He also stated that the Plaintiff was the "most qualified candidate" for the position, and
       that he was glad to hear that she had applied for the position because he did not have the time
       to "train" a new associate for the Compliance Officer position.

4

27.  From approximately January 2005 – June 2005, Plaintiff had worked closely with the Premier Business Support Manager, as well as his assistant on countless compliance - related projects for the Southeast Region.

28.  On or before September 23, 2005, Plaintiff received an email notification from Bank of America HR Personnel Representative informing her that she was not selected for the Compliance Officer position.

29.  Plaintiff was told by Bank of America HR Personnel Representative that the person selected had stronger skills and qualifications than her.

30.  Plaintiff was clearly more qualified than the individual selected for the position. Plaintiff met all of the job requisition requirements the Compliance Officer position required. The white female employee selected did not meet all of the job requisition requirements to hold the position. The white female employee selected for the Compliance Officer position appeared to be in her mid- twenties.

31.  From July 2004 – June 2005, Plaintiff was one (1) of three (3) Compliance Officers that was domiciled in Jacksonville, Florida.   Plaintiff was one of two Compliance Officers that were African American women selected for job displacement. The Compliance Officer that was not selected for job displacement was a less qualified white female employee in her mid- thirties.

32.  On or around June 1, 2005, Defendant promoted the Compliance Officer that was not selected for job displacement to the High Risk Senior Compliance Officer position.

33.  On or about September 29, 2005, Plaintiff filed a Charge of Race Discrimination with the Equal Employment Opportunity Commission alleging the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act (ADEA) of 1967, as amended.

34.  The Charge of Discrimination referred to paragraph thirty two (32) was filed within three three hundred and sixty five days (365) from the date of the last discriminatory act in accord with Chapter 760 Florida Statutes.

5

35.   At the times material hereto the Plaintiff is and has been a member of the protected class pursuant to Chapter 760. Florida Statutes.

36.   All statutory pre- requisites have been complied with prior to the filing of this compliant.

37.   On or around February 21, 2005, Plaintiff received Notice of Right to Sue the Defendant within ninety (90) days of receipt of notification.

### COUNT I:  RETALIATION

38.   Plaintiff realleges paragraphs 1 -22, as if fully set forth herein and further alleges:

39.   The acts alleged in this Compliant constitute a violation of the retaliation under the Florida Whistle-blower Act, Sections 448.102- 448. 105, Florida Statutes, prohibits retaliation against employee who reports official wrong doing.

40.   The Defendants through their Officers, Directors, Supervisors, Managers, Employees and /or Agents knew or reasonably should have known about Premier Governance ongoing departmental compliance issues and serious violation of the law, as described by the Plaintiff, failed to take any corrective actions.

41.   This action brought against the Defendant on the basis of an unlawful retaliatory practice against the Plaintiff.

42.   Section 760.10(7), Florida Statutes, "It is an unlawful employment practice for an employer...to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person made a charge, testified, assisted in any manner in an investigation, proceeding, or hearing under this section. "

43.   As a direct and proximate result of the actions of its agents and or/employees, the Defendant has caused the Plaintiff to suffer lost wages, past, present and future, mental anguish, pain and suffering and loss of dignity.

44.   The Defendant's acts of retaliation were performed with malice and reckless indifference to Plaintiff's protected civil rights.   Section 760.11(5). Florida Statutes, (1993), provides that punitive damages may be awarded and the provision of Section 768.72 and 768.73, Florida Statutes, do not apply.

6

45. Plaintiff has obligated herself to pay a reasonable attorney's fee in connection with
the bringing of this action.   Section 760.11 (5), Florida Statutes, provides
that a reasonable attorney's fees, including cost, may be awarded to the prevailing party.

      **WHEREFORE**, the Plaintiff demands judgment against the Defendant for back
pay, front pay, compensatory and punitive damages, pre-judgment interest, cost, attorney's fees,
and any further relief the Court deems just and proper.

## COUNT II:  RACE DISCRIMINATION

46. This is an action for damages for race discrimination in violation of Chapter 760, Florida
Statutes, The Florida Civil Rights Act.

47. Plaintiff realleges paragraph 23 -30 as it fully set forth herein, and further alleges:

48. This action is brought against the Defendant on the basis of an unlawful discriminatory
practice relating to plaintiff's race.

49. Section 760.10(1) (a), Florida Statutes (1993), states that it is an unlawful employment
practice for an employer... to discriminate against any individual with respect to
compensation, terms, conditions or privileges of employment because of such
individual's... race.

50. At all times material hereto the Plaintiff is and has been a member of protected class
pursuant to Chapter 760, Florida Statutes.

51. The Plaintiff's race was the sole or motivating factor which contributed to the
discrimination against her in the terms, conditions and /or privileges of her employment.

52. As a direct and proximate results of the actions of it's' agents and /or employees, the
Defendant has caused the Plaintiff to suffer lost wages, past, present and future, mental
anguish, pain and suffering and loss of dignity.

53. The Defendant's acts of discrimination were performed with malice and reckless indifference
to Plaintiff's protected civil rights.   Section 760.11(5), Florida Statutes, (1993), provides that

punitive damages may be awarded and the provision of Section 768.72 and 768.73, <u>Florida Statutes</u>, do not apply.

54.   Plaintiff has obligated herself to pay a reasonable attorney's fee in connection with the bringing this action.   Section 760.11(5), <u>Florida Statutes</u>, provides that a reasonable Attorney's fee, including cost, may be awarded to the prevailing party.

   **WHEREFORE**, the Plaintiff demands judgment against the Defendant for back pay, front pay, compensatory and punitive damages, pre-judgment interest, cost, attorney's fees, and any further relief the Court deems just and proper.

### COUNT III: AGE DISCRIMINATION

55.   This is an action for damages for age discrimination in violation of Chapter 760, <u>Florida Statutes</u>, The Florida Civil Rights Act.

56.   Plaintiff realleges paragraph 29 – 30 as it fully set forth herein, and further alleges:

57.   This action is brought against the Defendant on the basis of an unlawful discriminatory practice relating to plaintiff's age.

58.   Section 760.10(1) (a), <u>Florida Statutes</u> (1993), states that it is an unlawful employment practice for an employer... to discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's... age.

59.   At all times material hereto the Plaintiff is and has been a member of protected class pursuant to Chapter 760, <u>Florida Statutes</u>.

60.   The Plaintiff's age was the sole or motivating factor which contributed to the discrimination against her in the terms, conditions and /or privileges of her employment.

61.   As a direct and proximate results of the actions of it's' agents and /or employees, the Defendant has caused the Plaintiff to suffer lost wages, past, present and future, mental anguish, pain and suffering and loss of dignity.

8

62.   The Defendant's acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights.   Section 760.11(5), <u>Florida Statutes</u>, (1993), provides that punitive damages may be awarded and the provision of Section 768.72 and 768.73, <u>Florida Statutes</u>, do not apply.

63.   Plaintiff has exhausted her administrative remedies prior to bringing this action.

64.   Plaintiff has obligated herself to pay a reasonable attorney's fee in connection with the bringing this action.   Section 760.11(5), <u>Florida Statutes</u>, provides that a reasonable Attorney's fee, including cost, may be awarded to the prevailing party.

   **WHEREFORE**, the Plaintiff demands judgment against the Defendant for back pay, front pay, compensatory and punitive damages, pre-judgment interest, cost, attorney's fees, and any further relief the Court deems just and proper.

### REQUEST FOR A JURY TRIAL

PLAINTIFF HEREBY REQUESTS TRAIL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully submitted,

TAMMY HILL-MCFADDEN
14481 Magnolia Springs Lane
Jacksonville, Florida 32258
(904) 268-6327; fax (904)268-6327