**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**


TAMMY HILL-MCFADDEN,

      Plaintiff,

v.                                                    CASE NO. 3:06-cv-466-J-32HTS

BANK OF AMERICA, N.A.,
a foreign corporation,

      Defendant.

_____

<u>O R D E R</u>

    This cause is before the Court on Defendant's Motion to Compel Return of Confidential and Proprietary Business Records and for Protective Order Barring Further Use or Disclosure of Same (Doc. #70; Motion).  The Motion is opposed.  Plaintiff's Memorandum in Opposition to Defendant's Motion to Compel Return of Business Records and for Protective Order Barring Fu[r]ther Use of Same (Doc. #86; Opposition).

    Defendant alleges it has "learned that in the week leading up to Plaintiff's termination, Plaintiff acquired and took from the Bank at least 2,400 pages of confidential and proprietary business records . . . for her own personal use."  Motion at 2 (emphasis

omitted).  "[A]pparently[,]" she did this by sending "at least 133 emails and attachments from her work email account . . . to her personal e-mail account" while on paid leave.  *Id.* at 8.  Among the types of information involved are "confidential data, e-mail messages and documents relating to customers, in particular, names, social security numbers, account numbers and account status and activity information, as well as documents and information containing the Bank's internal policies, procedures and efforts regarding state and federal legal compliance."  *Id.* at 2.

Ms. Hill-McFadden's actions, it is argued, "breached the Bank's confidentiality policies and procedures[.]"  *Id.* at 7 (capitalization and emphasis omitted).  "Thus, Plaintiff, her attorney, and all other persons to whom she may have disclosed the Bank Records, must be compelled to return to the Bank any and all Bank Records, including all originals and copies, whether in hard copy or electronic format."  *Id.* at 11.  Additionally, "they must be barred from further acquisition, use or disclosure of the Bank Records during this litigation and in any other manner."  *Id.* Finally, it is urged the "Court should . . . order Plaintiff and/or her counsel to pay Bank of America's reasonable expenses, including attorney's fees, incurred in connection with" the Motion.  *Id.* at 19.

Forming part of the basis for Defendant's motion are its discovery requests, through which it sought the production of "any

and all documents that refer or relate in any way to Plaintiff's employment with the Bank, including documents reflecting the policies, procedures, terms and/or conditions of employment or termination wherefrom, Plaintiff's job duties and responsibilities, and communications between Plaintiff and any present or former employee of the Bank." *Id.* at 11-12.   Bank of America asserts "Plaintiff intentionally withheld responsive documents, choosing to produce only a select handful of the Bank Records (approximately 500 pages) that Plaintiff misappropriated from the Bank[.]" *Id.* at 12-13.   The Motion's other primary ground derives from Rule 26(c), Federal Rules of Civil Procedure, *id.* at 13, which authorizes a court, "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

    In response, Plaintiff contends the Motion should be denied since Bank of America has failed to identify with particularity the documents at issue, and because "Defendant has refused to produce these documents despite Plaintiff's repeated discovery requests for same and has waited to raise this issue at the eleventh hour and close of discovery." Opposition at 2.  However, Ms. Hill-McFadden "would agree to stipulate to the entry of a protective order governing the use of documents that Defendant designates as confidential." *Id.* at 2 n.3; *see also id.* at 5.  Furthermore, she appears to admit the proprietary nature of some of the documents at

issue by stating "it is not clear that *all* of these documents in fact contain proprietary information." *Id.* at 3 (emphasis added).

As to whether the unauthorized emailing of information occurred, Plaintiff acknowledges that "[u]pon further review of [her] personal email account . . ., [she] has identified 138 emails that she forwarded from her work email account with Defendant to her personal email account during the" last week of her employment. *Id.* at 4; *see also* Declaration of Allyson Webster Pursuant to 28 U.S.C. § 1746, attached to the Motion as Exhibit 1, at 4; Declaration of Tammy Hill-McFadden Pursuant to 28 U.S.C. § 1746, attached to the Opposition as Exhibit A, ¶ 4. She is now "in the process of copying the . . . emails to a CD-rom for [her] present counsel. After conducting a relevancy and privilege review, Plaintiff's counsel will gladly re-produce all non-privileged and relevant emails, and their attachments, to Defendant." Opposition at 4 (citation omitted). However, "[w]ithout a showing that the content of any such emails contains proprietary information, . . . Plaintiff is unwilling to agree to Defendant's request that Plaintiff be barred from using such emails, and their attachments, in this case." *Id.*

In that "a relevancy . . . review" of the emails at issue has still not been completed, *id.*, there is little reason to believe Plaintiff has been diligent in responding to discovery. Still more unsettling is that, by her own tacit admission, it appears

Plaintiff may have wrongfully taken personal possession of sensitive materials, including the social security numbers and detailed account information of bank customers not parties to this lawsuit.  While presently no finding will be made that Ms. Hill-McFadden stole electronic documents from her former employer, *cf.* Motion at 18, the Court wishes to stress it takes this matter very seriously.

Given the Motion's relative lack of specificity in identifying the information at issue, the absence of a conference pursuant to Rule 3.01(g), Local Rules, United States District Court, Middle District of Florida, *see* Motion at 20 (describing only an exchange of letters), and Plaintiff's expressed willingness to cooperate in resolving the dispute, the Court will not at this time require Ms. Hill-McFadden to pay Defendant's expenses in bringing the Motion. However, she is strongly cautioned to employ the utmost care and good faith in completing her review of the emails[1] and attempting to reach an agreement with Defendant concerning the production and return of information and the terms of a joint protective order. Throughout this process, Plaintiff must bear in mind the rights of third parties who may become, or have already become, innocent victims of the unjustified transmission of sensitive information.

---

[1]     Of course, the emails are to be examined to the extent necessary to determine whether they are legitimately possessed, and, only if they are, for other purposes such as relevance or privilege.

- 5 -

In accordance with the foregoing, the Motion (Doc. #70) is **GRANTED** to the extent the parties shall, within ten (10) days of the date of this Order, meet and attempt to agree upon the terms of a joint protective order, and to otherwise resolve the instant dispute.  Prior to the meeting, Plaintiff shall complete her review of the emails she transmitted to her personal account during the final week of her employment.  Otherwise, the Motion is **DENIED** without prejudice.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of June, 2008.

/s/   Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE


Copies to:

Counsel of Record and
    pro se parties, if any

- 6 -